JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tyler Lee

**DEFENDANTS**

Temple University Health System -and- Atlas Medstaff LLC

**(b)** County of Residence of First Listed Plaintiff  PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Brian C. Farrell, Esq. #319145 The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII  and 42 U.S.C. § 1981

Brief description of cause:
Employment  Discrimination matter

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
150,000 IN EXCESS

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
MAY 27, 2026

SIGNATURE OF ATTORNEY OF RECORD
/S/ BRIAN C.  FARRELL, ESQUIRE  I.D. 319145

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 3509 N. Broad Street Philadelphia, PA 19140 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                           Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?          Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same   Yes ☐
   individual?

5. Is this case related to an earlier numbered suit even though none of the above categories apply?               Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Tyler Lee                                                   :         CIVIL ACTION NO:
                             :
                             :
          v.                                      :
Temple University Health System  and      :
Atlas Medstaff LLC                        :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.           (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (   )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                   (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                  (   )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (☑)


MAY 27, 2026 _____    /s/ Brian C. Farrell, Esquire    PLAINTIFF _____
**Date**                      **Attorney-at-law**               **Attorney for**

(215) 569-1999 _____    (215) 569-3870 _____    bfarrell@discrimlaw.net _____
___
**Telephone**                   **FAX Number**               **E-Mail Address**


**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TYLER LEE** | Civ. No.: _____ |
| Plaintiff, | |
| v. | |
| **TEMPLE UNIVERSITY HEALTH SYSTEM** | |
| **ATLAS MEDSTAFF LLC** | |
| Defendants. | |

<u>**CIVIL ACTION COMPLAINT**</u>

Plaintiff Tyler Lee, through his undersigned counsel, files this Civil Action Complaint against Defendant Temple University Health System and Atlas Medstaff LLC and avers as follows:

**I.    <u>PARTIES</u>**

1.    Plaintiff Tyler Lee ("Plaintiff") is an adult individual residing at 18 E. Gorgas Lane, Philadelphia, Pennsylvania 19119.

2.    Plaintiff is Caucasian, of non-Jewish ancestry, and Christian.

3.    Defendant Temple University Health System ("TUHS") is a Pennsylvania business entity with its principal place of business located at 3509 N. Broad Street, Philadelphia, Pennsylvania 19140.

4.    TUHS owns a sixty percent (60%) interest in CHH Community Health, Inc., which does business as Temple Health-Chestnut Hill Hospital.

5.    TUHS owns, operates, and controls Temple Health-Chestnut Hill Hospital, an acute-care hospital located at 8835 Germantown Avenue, Philadelphia, Pennsylvania 19118.

1

6. TUHS contracted with Defendant Atlas Medstaff LLC to place medical staffing professionals, including Plaintiff, at Temple Health-Chestnut Hill Hospital.

7. Defendant Atlas Medstaff LLC ("Atlas Medstaff") is a limited liability company organized under the laws of Nebraska with its principal place of business located at 11159 Mill Valley Road, Omaha, Nebraska 68154.

8. Atlas Medstaff is a medical staffing agency that conducts business throughout the United States, including in this District.

9. At all times material hereto, Defendants Atlas Medstaff and TUHS acted as a "joint," "single," and "integrated" employer of Plaintiff for purposes of Title VII, 42 U.S.C. § 1981, and the PHRA.

10. At all times material hereto, Defendants Atlas Medstaff and TUHS shared interrelated operations and common ownership or financial control with respect to Plaintiff's employment.

11. At all times material hereto, Defendants Atlas Medstaff and TUHS each had the right to control, and did control, the manner and means of Plaintiff's work.

12. At all times material hereto, Defendants Atlas Medstaff and TUHS each had the authority to hire, fire, supervise, discipline, and direct Plaintiff and the other employees performing work at Temple Health-Chestnut Hill Hospital.

13. At all times material hereto, each Defendant constituted an "employer" within the meaning of Title VII, 42 U.S.C. § 1981, and the PHRA.

14. At all times material hereto, the individuals identified in this Complaint as agents, supervisors, managers, and employees of Defendants acted within the course and scope of their employment with, and agency for, Defendants.

## II.    JURISDICTION AND VENUE

15.    This Court has subject-matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §1331 because those claims arise under the laws of the United States.

16.    This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a) because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

17.    Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

18.    On or about December 19, 2024, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") against Defendants.

19.    The EEOC issued Plaintiff a Notice of Right to Sue.

20.    Plaintiff files this Complaint within ninety (90) days of his receipt of the Notice of Right to Sue.

21.    Plaintiff has exhausted all administrative remedies required as a prerequisite to filing this action.

## III.    FACTUAL ALLEGATIONS

22.    Plaintiff is Caucasian.

23.    Plaintiff is of non-Jewish ancestry.

24.    Plaintiff is Christian.

25.    Defendant Atlas Medstaff hired Plaintiff in or around April 2022.

26.    On or about April 1, 2024, Defendants hired Plaintiff to work at Temple Health-Chestnut Hill Hospital as a Phlebotomist.

3

27.     Plaintiff's employment continued until on or about July 18, 2024, when Defendants terminated him.

28.     Plaintiff performed his job duties competently at all relevant times.

29.     From the start of his assignment at Temple Health-Chestnut Hill Hospital through mid-June 2024, Plaintiff reported directly to Patrick Chernay ("Chernay"), Director for TUHS.

30.     From mid-June 2024 through his termination, Plaintiff reported directly to Joseph Rudnick ("Rudnick"), Director for TUHS.

31.     Elisa Carnivale ("Carnivale") was the Point of Care Supervisor for TUHS during Plaintiff's employment.

32.     In or around early April 2024, Carnivale began questioning Plaintiff about his religious background.

33.     Carnivale asked Plaintiff what church he attended.

34.     Carnivale asked Plaintiff whether he believed in Jesus.

35.     Plaintiff responded by telling Carnivale that "me and Jesus were good," indicating his Christian faith.

36.     In or around mid-April 2024, Carnivale told Plaintiff that she did not identify as Caucasian.

37.     Carnivale told Plaintiff that she was Jewish.

38.     At or around the same time, Andrea Pirela ("Pirela"), a Lab Assistant for TUHS and a Hispanic individual, told Plaintiff that Carnivale had called security on Pirela's African American romantic partner after he dropped Pirela off at work.

39.     According to Pirela, Carnivale falsely accused Pirela's partner of selling drugs and falsely reported that he made her feel unsafe.

4

40.     In or around late April 2024, Carnivale told Plaintiff that she had to "watch her back" about what she says because "they will jump [her]."

41.     By "they," Carnivale was referring to TUHS's African American employees, including Veronica Hall ("Hall"), a Phlebotomist; Annette Price ("Price"), a Phlebotomist; and Twania Stinson ("Stinson"), a Medical Technician.

42.     Hall, Price, and Stinson are African American.

43.     Carnivale's statements about her African American colleagues were racist.

44.     Carnivale's racist statements were offensive to Plaintiff.

45.     Later that same week, Chernay called Plaintiff into his office to discuss Carnivale's racist "jump [her]" comment.

46.     Plaintiff participated in Chernay's investigation into Carnivale's racism in the workplace.

47.     Plaintiff made a complaint of race discrimination against Carnivale to Chernay.

48.     Plaintiff told Chernay that Carnivale's racist comments made him uncomfortable.

49.     The next day, Plaintiff registered a complaint of race discrimination against Carnivale with Ashley Richards ("Richards"), a Recruiter for Atlas Medstaff.

50.     Plaintiff's complaints to Chernay and Richards constitute protected activity under Title VII, 42 U.S.C. § 1981, and the PHRA.

51.     Following Plaintiff's complaints of discrimination, Carnivale retaliated against him.

52.     Carnivale began falsely accusing Plaintiff of failing to perform his job duties.

53.     Carnivale searched through Plaintiff's cart looking for evidence that he had violated Defendants' policies.

5

54. Carnivale's surveillance of Plaintiff became so persistent that she dug through the trashcan under Plaintiff's work area on a daily basis.

55. Carnivale subjected Price, the African American Phlebotomist who had also complained about Carnivale's race discrimination, to similar treatment.

56. In or around May 2024, Carnivale bragged to Plaintiff that she had caused multiple employees to be fired who she did not like or deemed unfit to work for Defendants.

57. In or around early June 2024, Plaintiff made a complaint of retaliation against Carnivale with Richards.

58. In his complaint to Richards, Plaintiff referenced Carnivale's ongoing efforts to have Plaintiff's employment terminated because of his prior complaints about her discriminatory conduct.

59. Plaintiff told Richards that he was concerned Carnivale's false accusations would lead to the removal of his Phlebotomy license.

60. Richards communicated Plaintiff's complaint of retaliation to Atlas Medstaff's client manager for TUHS.

61. Notwithstanding Plaintiff's complaint, Atlas Medstaff took no action to halt Carnivale's discrimination and retaliation against Plaintiff.

62. In or around mid-June 2024, Rudnick replaced Chernay as Plaintiff's direct supervisor.

63. Shortly thereafter, Carnivale began making false accusations about Plaintiff to Rudnick.

64. Rudnick attempted to keep Plaintiff away from the laboratory.

65.     Whenever Plaintiff entered the laboratory, Rudnick would check to see whether there were other tasks that required Plaintiff to be elsewhere.

66.     On or about June 20, 2024, Kaileen Hay ("Hay"), a Medical Technician for TUHS and an African American individual, Price, and Stinson told Plaintiff that Carnivale had approached them and asked whether they were going to "jump [her]."

67.     In or around early July 2024, Rudnick told Plaintiff that, unless he was on his lunch break, he needed to leave the laboratory.

68.     Rudnick rudely gestured for Plaintiff to leave the laboratory.

69.     On or about July 5, 2024, a patient dropped off a stool sample with conflicting orders.

70.     Plaintiff approached Carnivale to clarify what to do with the sample.

71.     Rather than assisting Plaintiff, Carnivale took the sample directly to Rudnick.

72.     While doing so, Carnivale screamed throughout the laboratory that "he cannot do this," "I can't believe he received this," and "don't worry, he won't be here for much longer."

73.     That same day, Plaintiff made another complaint of retaliation against Carnivale with Richards.

74.     Plaintiff told Richards that he believed Carnivale was discriminating against him because he was not Jewish.

75.     Notwithstanding Plaintiff's complaint, Atlas Medstaff again took no action to halt Carnivale's discrimination and retaliation.

76.     In or around July 2024, Plaintiff made a complaint of retaliation against Carnivale through TUHS's MIDAS reporting system.

77.     TUHS failed to take any remedial action against Carnivale.

78. On or about July 18, 2024, TUHS terminated Plaintiff's employment, allegedly for violating its phone policy.

79. Defendants' stated reason for terminating Plaintiff is false.

80. Defendants' stated reason for terminating Plaintiff is pretextual.

81. Defendants did not enforce their phone policy uniformly against employees outside of Plaintiff's protected classes.

82. Defendants did not enforce their phone policy uniformly against employees who did not engage in protected activity.

83. Upon information and belief, similarly situated employees outside Plaintiff's protected classes who violated Defendants' phone policy were not terminated.

84. Defendants terminated Plaintiff's employment because of his race, religion, and/or ancestry.

85. Defendants terminated Plaintiff's employment in retaliation for his complaints of discrimination and retaliation.

86. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer past and future loss of wages, salary, bonuses, benefits, and other compensation.

87. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, humiliation, embarrassment, loss of enjoyment of life, and other non-economic harm.

88. Defendants' unlawful conduct was intentional, willful, malicious, and/or undertaken with reckless disregard for Plaintiff's federally and state-protected rights.

## COUNT I
### Title VII of the Civil Rights Act of 1964
### (Race Discrimination, Religious Discrimination, and Retaliation)
### (Plaintiff v. Defendants)

89.     Plaintiff incorporates by reference each preceding paragraph as though set forth at length herein.

90.     Plaintiff is a member of multiple classes protected by Title VII, including, but not limited to, his race (Caucasian) and religion (Christian).

91.     Plaintiff engaged in protected activity by complaining, internally and otherwise, about race and religious discrimination directed at himself and at others, and by participating in an internal investigation of discrimination.

92.     Defendants subjected Plaintiff to disparate treatment on the basis of his race and religion, including, but not limited to, false accusations, heightened scrutiny, isolation from his work area, and termination.

93.     Defendants retaliated against Plaintiff because he engaged in protected activity. Defendants' retaliatory acts included, without limitation, false accusations, heightened scrutiny, isolation from his work area, and termination.

94.     Defendants knew or should have known of the discriminatory and retaliatory conduct described herein and failed to take prompt and effective remedial action.

95.     Defendants are liable for the discriminatory and retaliatory conduct of their managers and supervisors, including Carnivale, Chernay, Rudnick, and Richards.

96.     Defendants' conduct constitutes unlawful discrimination and retaliation in violation of Title VII.

9

97. Defendants' conduct was intentional, willful, malicious, and/or undertaken with reckless disregard for Plaintiff's federally protected rights.

98. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has sustained the damages described above and is entitled to all relief available under Title VII.

**COUNT II**
**42 U.S.C. §1981**
**(Race Discrimination, Ancestry Discrimination, and Retaliation)**
**(Plaintiff v. Defendants)**

99. Plaintiff incorporates by reference each preceding paragraph as though set forth at length herein.

100. Plaintiff's race and ancestry are protected by 42 U.S.C. §1981.

101. Defendants intentionally discriminated against Plaintiff on the basis of his race and ancestry, including by subjecting him to disparate treatment and termination.

102. Defendants retaliated against Plaintiff because he opposed and complained about race and ancestry discrimination in the workplace.

103. Defendants are liable for the discriminatory and retaliatory conduct of their managers and supervisors.

104. Defendants' conduct constitutes unlawful discrimination and retaliation in violation of 42 U.S.C. §1981.

105. Defendants' conduct was intentional, willful, malicious, and/or undertaken with reckless disregard for Plaintiff's federally protected rights.

106. As a direct and proximate result of Defendants' violations of 42 U.S.C. §1981, Plaintiff has sustained the damages described above and is entitled to all relief available under Section 1981.

10

## COUNT III
### Pennsylvania Human Relations Act
### (Race Discrimination, Religious Discrimination, Ancestry Discrimination, Retaliation)
### (Plaintiff v. Defendants)

107.    Plaintiff incorporates by reference each preceding paragraph as though set forth at length herein.

108.    Plaintiff is Caucasian, Christian, and of non-Jewish ancestry.

109.    Plaintiff engaged in protected activity under the PHRA by complaining about race, religious, and ancestry discrimination directed at himself and others, and by participating in internal investigations of discrimination.

110.    Defendants intentionally discriminated against Plaintiff because of his race, religion, and ancestry, including by subjecting him to disparate treatment and termination.

111.    Defendants retaliated against Plaintiff because he engaged in protected activity under the PHRA.

112.    Defendants are liable for the discriminatory and retaliatory conduct of their managers and supervisors.

113.    Defendants' conduct constitutes unlawful discrimination and retaliation in violation of the PHRA.

114.    As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has sustained the damages described above and is entitled to all relief available under the PHRA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, and grant the following relief:

11

(a)     Back pay, including lost wages, salary, bonuses, benefits, and other compensation;

(b)     Front pay in lieu of reinstatement;

(c)     Compensatory damages, including damages for emotional distress, mental anguish, humiliation, embarrassment, loss of enjoyment of life, and other non-economic harm;

(d)     Punitive damages;

(e)     Reasonable attorneys' fees, costs, and expenses, including expert witness fees;

(f)     Pre- and post-judgment interest at the maximum lawful rate; and

(g)     Such other and further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

**THE GOLD LAW FIRM, P.C.**

/s/ Brian C. Farrell
Brian C. Farrell, Esquire
PA Bar No. 319145
1835 Market Street, Suite 515
Philadelphia, PA 19103
215.569.1999
bfarrell@discrimlaw.net
Attorney for Plaintiff Tyler Lee

Dated:  May 27, 2026

12